<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 10-1726**

—————

ENANU ABERA,

        Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

—————

On Petition for Review of an Order of the Board of Immigration
Appeals.

—————

Argued:  October 26, 2011      Decided:  November 8, 2011

—————

Before WILKINSON, MOTZ, and DUNCAN, Circuit Judges.

—————

Dismissed in part and denied in part by unpublished per curiam
opinion.

—————

**ARGUED:** Alan M. Parra, LAW OFFICE OF ALAN M. PARRA, Silver
Spring, Maryland, for Petitioner.  Hillel Ryder Smith, UNITED
STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.
**ON BRIEF:** Tony West, Assistant Attorney General, Civil Division,
Greg D. Mack, Senior Litigation Counsel, UNITED STATES
DEPARTMENT OF JUSTICE, Office of Immigration Litigation,
Washington, D.C., for Respondent.

—————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Enanu Abera, an Ethiopian citizen of Amhara ethnicity, petitions for review of an order of the Board of Immigration Appeals (BIA) affirming the decision of the immigration judge (IJ) denying Abera's application for asylum and withholding of removal. Abera contends that the BIA erred in: (1) determining that she failed to establish changed circumstances excusing her untimely asylum application, and (2) denying withholding based on an erroneous adverse credibility determination. For the reasons that follow, we dismiss Abera's asylum claim and deny her claim for withholding of removal.

I.

We begin by recounting the basic facts as described by Abera at her hearing before the IJ. Abera testified that while she was living in Ethiopia, government forces twice arrested and detained her. Her first detention, in 1996, lasted two and a half months and involved four interrogations and repeated threats and insults. Her government captors accused her of being a member of the All Amharic People's Organization (AAPO) and fomenting political instability. Though Abera denied these claims, she openly criticized the 1995 national election as undemocratic. Abera joined the AAPO upon her release.

2

Abera testified that government forces again arrested her in April 2001, detaining her for nineteen days, interrogating her twice, and beating her with rubber police batons. They accused her of attempting to overthrow the government and released her with a warning that further political activity would cause her to "rot in prison." Soon after her release in 2001, Abera and her husband left Ethiopia and arrived in the United States on nonimmigrant tourist visas. Her husband filed for asylum within one year, listing Abera as a derivative applicant. Abera testified that since the time of her arrival in the United States, she has been involved in Kinijit (a coalition incorporating the AAPO) by making financial contributions, attending meetings, and conducting outreach.

Abera also testified regarding persecution of her family. Prior to 2001, Ethiopian government forces imprisoned Abera's husband for nine years for his affiliation with the prior regime. Since Abera's departure, her son has been arrested for his Kinijit involvement. Finally, in 2004, Abera learned that government forces had arrested and detained her sister.

Shortly after learning of her sister's arrest, Abera filed her own application seeking asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Her husband's application remained pending at the time. Because Abera's asylum application was not filed within one year of her

3

arrival, she attempted to demonstrate "changed circumstances" justifying her untimely application. The IJ found that Abera had not demonstrated changed circumstances because she presented conflicting accounts as to why she decided to file her 2004 application -- at times citing her sister's arrest and at other times asserting that she became frustrated with the delay of her husband's application. The IJ also found that Abera was not credible and therefore did not meet her burden of establishing eligibility for withholding and CAT relief.

The BIA affirmed, concluding (1) Abera failed to show changed circumstances justifying her untimely filing for asylum and (2) the IJ's adverse credibility determination (which formed the basis of denial of withholding and CAT relief) was not clearly erroneous. Abera now petitions for review in this court, challenging only the denial of asylum and withholding of removal.

## II.

In order to qualify for asylum, an applicant must demonstrate by clear and convincing evidence that her application was filed within one year of arrival in the United States. 8 U.S.C. § 1158(a)(2)(B). An untimely application may be considered, however, when the applicant demonstrates "either the existence of changed circumstances which materially affect

4

the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application." 8 U.S.C. § 1158(a)(2)(D). Acknowledging that her application is untimely, Abera asserts that her sister's 2004 arrest and detention qualifies as a changed circumstance.

8 U.S.C. § 1158(a)(3) expressly provides that "[n]o court shall have jurisdiction to review any determination of the Attorney General under [§ 1158(a)(2)]." This includes both "whether an alien has complied with the one-year time limit and whether there are changed or extraordinary circumstances excusing the delay." Gomis v. Holder, 571 F.3d 353, 358 (4th Cir. 2009). Though the REAL ID Act of 2005 provides that courts are not precluded from reviewing "constitutional claims or questions of law," see 8 U.S.C. § 1252(a)(2)(D), "absent a colorable constitutional claim or question of law" courts are jurisdictionally barred from reviewing a discretionary determination of changed circumstances. Gomis, 571 F.3d at 358.

Abera claims that the IJ and BIA erred as a matter of law by failing to consider whether her sister's 2004 arrest constitutes a changed circumstance. The record, however, demonstrates that the IJ considered the evidence regarding Abera's sister. The IJ concluded that Abera had "not asserted a clear reason" for delaying her application. Similarly, the BIA was unconvinced by Abera's "changing reasons." Accordingly,

5

Abera does not present a colorable question of law and instead seeks our review of whether she demonstrated a changed circumstance. Her claim thus falls squarely within § 1158(a)(3)'s jurisdictional bar. We therefore dismiss this portion of her petition for review.

## III.

Next, Abera challenges the denial of her application for withholding of removal under 8 U.S.C. § 1231(b)(3). An application for withholding of removal "carries a higher standard of proof" than an asylum claim, Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004), but is not subject to an asylum claim's one-year statutory time limit. In order to qualify for withholding of removal, an applicant must demonstrate by a "clear probability" that if removed her "life or freedom would be threatened . . . because of [her] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). "Clear probability" means "more likely than not" that the alien would be subject to persecution upon removal. Camara, 378 F.3d at 370. A determination regarding eligibility for withholding will be affirmed if supported by substantial evidence on the record as a whole. See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).

6

Abera primarily contends that the IJ erred in making an adverse credibility determination. Administrative findings of fact, including adverse credibility determinations, are generally considered "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We therefore accord broad but "not absolute" deference to credibility findings supported by substantial evidence. Camara 378 F.3d at 367. While we will not uphold an adverse credibility finding based on speculation or conjecture, Tewabe v. Gonzales, 446 F.3d 533, 538 (4th Cir. 2006), or "illusory inconsistencies," Zuh v. Mukasey, 547 F.3d 504, 508 (4th Cir. 2008), we defer to "specific and cogent reasons includ[ing] inconsistent statements, contradictory evidence, and inherently improbable testimony." Tewabe, 446 F.3d at 538 (internal quotation marks omitted).

Having reviewed the record and the IJ's explanation of the adverse credibility finding, we cannot say that the evidence "compels" a contrary conclusion. In particular, Abera's inconsistent testimony regarding her husband's role in the previous Ethiopian regime and her omission of any mention of her husband's mistreatment from her initial affidavit are specific, cogent reasons relied on by the IJ to support the adverse credibility finding.

7

Adverse credibility notwithstanding, an application for withholding requires consideration of an applicant's remaining independent evidence. Failure to consider such evidence is reversible error. See Camara, 378 F.3d at 370-71; see also Jian Tao Lin v. Holder, 611 F.3d 228, 237 & n.9 (4th Cir. 2010). Abera asserts that the IJ erred in this manner by failing to consider the totality of the evidence corroborating her claims of past persecution, and the evidence of her ongoing political activities inside the United States. The record, however, demonstrates that the IJ adequately considered the evidence presented. In sum, we deny Abera's petition to the extent she seeks withholding of removal because we conclude that substantial evidence supports the eligibility determination and the ultimate denial of withholding.

IV.

For the foregoing reasons, Abera's petition for review is

DISMISSED IN PART AND DENIED IN PART.